**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Richard W. Porter, et al.

    v.                                    Case No. 25-cv-520-SM-AJ

Framingham, Mass.,
Wakefield, Mass., and
Wilmington, Mass.

### REPORT AND RECOMMENDATION

On February 25, 2026, the court granted self-represented plaintiff Richard Porter leave to amend his complaint to cure a number of deficiencies identified in that order (Doc. No. 3). Mr. Porter having timely responded, Mr. Porter's Amended Complaint (Doc. No. 4) is before the undersigned magistrate judge for preliminary review. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). As explained more fully below, the Amended Complaint should be dismissed.

### Standard of Review

The magistrate judge conducts a preliminary review of pleadings, like Mr. Porter's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. §

1915(e)(2); LR 4.3(d).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

### Factual Allegations

Mr. Porter's Amended Complaint is disjointed and difficult to follow. He first asserts that he was arrested by Wakefield, Massachusetts police in November 2020 after an individual broke into a home Mr. Porter owns on Babson Street in Wakefield and also filed twenty-eight criminal complaints against him. Mr. Porter also refers to an automatic stay related to the same property resulting from 1999 Bankruptcy Court order. Mr. Porter has also attached several documents to his complaint which appear to be copies of filings made in the Massachusetts Registry of Deeds related to the Wakefield property.

Mr. Porter seeks monetary damages against Wakefield for false arrest, the Towns of Wilmington and Framingham, Massachusetts, based on some unexplained connection to properties in those towns that are not referenced in the body of

2

the Amended Complaint, and the individual who allegedly broke into his home, who is not a defendant. Am. Compl. (Doc. No. 4) at 2.

## **Analysis**

### A. Failure to State a Claim

Mr. Porter's Amended Complaint, even construed liberally, fails to state a claim for relief against any of the named defendants. As to the Towns of Wilmington and Framingham, Mr. Porter has alleged no facts that describe any claims against them. Next, the person alleged to have broken into Mr. Porter's home is not a defendant. Finally, other than noting that someone had filed multiple criminal complaints against him, Mr. Porter provides no factual support for his false arrest claim. The bald assertion that he was falsely arrested is not enough to sustain this otherwise unsupported claim. Accordingly, the district judge should dismiss this case because the Amended Complaint fails to state a claim upon which relief can be granted.

### B. Improper Venue

In addition to failing to state a claim upon which relief can be granted, the facts alleged in the Amended Complaint, though sparse, show that venue is improper in this court.[1] The

---

[1] Where the defense of improper venue is "obvious from the face of the complaint and no further factual record is required to be developed, the court may, sua sponte, dismiss the case." Hart v. Rowe, No. 20-cv-417-LM, 2021 WL 1581781, at *1 (D.N.H.

term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a).

Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case. The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In this case, neither the defendants nor the events giving rise to Mr. Porter's complaint have any connection to New Hampshire. Should the district court not adopt the recommendation to dismiss this case for failure to state a claim

---

Mar. 5, 2021) (cleaned up), R & R adopted, 2021 WL 1581013 (D.N.H. Apr. 22, 2021); see also Wilkinson v. Sec'y, Fla. Dep't of Corrs., 622 F. App'x. 805, 808–09 (11th Cir. 2015) (court may dismiss a matter, sua sponte, for defective venue, pursuant to 28 U.S.C. § 1915, after providing plaintiff with opportunity to object).

4

for relief, the court should dismiss it due to improper venue, without prejudice to being refiled in the appropriate court.

## Conclusion

Based on the foregoing, the district judge should dismiss the Amended Complaint (Doc. No. 4) because it fails to state a claim for which relief can be granted. In the alternative, the case should be dismissed because venue is improper in this court.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

March 20, 2026

cc:  Richard W. Porter, pro se
     Phyllis M. Porter, pro se